**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Jonathan Andrew Perfetto

   v.                              Case No. 18-cv-554-JL

New Hampshire Department of Corrections
Commissioner Helen Hanks et al.[1]

------

[1]Plaintiff names the following individuals as defendants to
this action: New Hampshire Department of Corrections ("DOC")
Commissioner Helen Hanks; (former) DOC Commissioner William
Wrenn; DOC Director Chris Kench; DOC Special School District
("SSD") Principal Davis, whose first name is unknown ("FNU");
SSD Director Kim McKay; DOC Medical and Forensics Services
("MFS") Director Paula Mattis; MFS Deputy Director Heidi
Guinnen; DOC Interstate Compact Coordinator Jane Doe; DOC Secure
Psychiatric Unit ("SPU") Unit Manager ("UM")/Capt. FNU Marshall;
SPU Acting Lt./Sgt. FNU Barboro; SPU Sgt. FNU Carver; SPU Cpl.
FNU Murry; SPU Cpl. Stacie LaMontagne; SPU Nursing Supervisor
Ann-Marie, whose last name is unknown; SPU Administrator Debbie
Robinson; New Hampshire State Prison ("NHSP") Residential
Treatment Unit Mental Health Clinician Lindsey Jordon; (former)
NHSP Warden Michael Zenk; NHSP UM Robert McGrath; NHSP Capt. FNU
Edmark; NHSP Lt. Jim Brown; NHSP Cpl. Mark Kimball; NHSP Cpl.
FNU Kratovil, NHSP Cpl. John/Jane Doe; NHSP Sgt. FNU Williams;
NHSP Sgt. FNU Bettens; NHSP Sgt. FNU Wilcox; NHSP Corrections
Officer FNU LaMontagne; NHSP Mailroom Officer FNU McLoud; NHSP
Librarian John Perkins; NHSP Career and Technology Programs
Director Jay Nagy; NHSP Classifications Case Counselor/Case
Manager ("CC/CM") Glenn Matthews; NHSP CC/CM FNU Irizzary; NHSP
Medical Records Supervisor Traci Guilemette; NHSP Medical
Records Clerk Amy M.; NHSP Medical Records Clerk John/Jane Doe;
NHSP Inmate Accounts Clerk John/Jane Doe; NHSP Offender Records
Clerk Cindy Crompton; NHSP Offender Records Clerk FNU Drury;
NHSP Offender Records Clerk John/Jane Does #1 & #2; NHSP
Warehouse Supervisor John/Jane Doe; (former) Northern New
Hampshire Correctional Facility ("NCF") Warden Michelle Edmark
(née Goings); NCF Chief of Security Capt. Jeff Smith; NCF Lt.
John Doe; NCF Sgt. FNU Swett; NCF Hearings Officer FNU Fortier;
NCF Media Generalist Angela Poulin; NCF Program Administrator
John/Jane Doe; NCF Psychiatrist Dr. Garrett Graves; NCF Mental
Health Clinician Charlene Nickerson; Montana Department of
Corrections Director Reginald Michael; and Montana State Prison
Warden Lynn Guyer.

## REPORT AND RECOMMENDATION

Plaintiff Jonathan Andrew Perfetto asserts in this action that the defendants have violated his rights under the United States Constitution and New Hampshire Department of Corrections ("DOC") policy.  Before the court is Mr. Perfetto's amended complaint (Doc. No. 5-1), which was filed along with a motion (Doc. No. 5) seeking to amend that amended complaint, which the court granted.  See Mar. 4, 2020 Order.  The court construes the assertions in the motion to amend (Doc. No. 5) as part of the amended complaint for all purposes.  The court deems the amended complaint (Doc. Nos. 5, 5-1), to be the operative complaint in this matter for all purposes.  The amended complaint is here for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

## Preliminary Review Standard

The court conducts a preliminary review of prisoners' complaints seeking relief from government agents.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal

conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court may dismiss claims, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

## Background and Claims

Mr. Perfetto is a DOC inmate presently serving his New Hampshire sentence in the Montana State Prison ("MSP").  Mr. Perfetto has asserted multiple claims against DOC officers, officials, and medical and mental health care providers, arising from events that took place between 2015 and 2017, while Mr. Perfetto was incarcerated at the New Hampshire State Prison ("NHSP") and the Northern New Hampshire Correctional Facility ("NCF"), and interactions with DOC officials since his August 1, 2017 transfer to the MSP.  Seeking damages,[2] Mr. Perfetto asserts

_____

[2]In addition to damages, Mr. Perfetto seeks an order from the court directing that the DOC clarify and codify certain prison policies.  Because the court recommends dismissal of the claims to which those requests relate, the court declines to further address that request.

3

the following claims for relief[3]:

1.  The NHSP officers that passed out mail, including one or more of the following individuals: Sgt. Bettens, Cpl. Williams, Cpl. Murry, Cpl. Stacie LaMontagne, Cpl. John/Jane Doe, and Mailroom Officer McLoud, violated Mr. Perfetto's Sixth Amendment rights by failing to send and/or deliver Mr. Perfetto's incoming and outgoing legal mail, and delayed sending and/or delivering Mr. Perfetto's incoming and outgoing legal mail, as follows:

> a.  Mr. Perfetto did not receive legal mail that was sent to him from the New Hampshire Supreme Court ("NHSC") in May 2015;
>
> b.  a motion Mr. Perfetto mailed to the Merrimack County Superior Court ("MCSC") on June 7 or 8, 2016, was not listed as outgoing mail on any NHSP legal mail log and was not delivered to that court;
>
> c.  two letters Mr. Perfetto attempted to mail to the MCSC, on August 27 and 29, 2016, were not received by that court;
>
> d.  on seven occasions between March 10, 2016 and July 22, 2017, legal mail sent to Mr. Perfetto by opposing counsel in Perfetto v. Cusson, No. 14-cv-556-AJ (D.N.H.), was delayed in reaching Mr. Perfetto by 1-4 days;
>
> e.  on fourteen occasions between March 2, 2016 and May 22, 2017, legal mail sent to Mr. Perfetto from the United States District Court for the District of New Hampshire was delayed in reaching Mr. Perfetto by 1-7 days.

2.  Mr. Perfetto's requests to retain the portion of his incoming legal mail envelopes containing the return address and the postmark were denied, in violation of his Sixth Amendment rights:

---

[3]In his amended complaint, Mr. Perfetto asserted a claim, identified therein as Allegation II, alleging that he was improperly denied good conduct time, see Doc. No. 5-1, at 13-16; in his motion to amend the amended complaint, Mr. Perfetto withdrew that claim, see Doc. No. 5, at 2.

      a.   in June 2015, by DOC Director Chris Kench; and

      b.   in October 2016, by Lt. Jim Brown.

3.   Defendants violated Mr. Perfetto's First and Sixth Amendment rights to meaningfully access the courts and to petition the government for a redress of his grievances, in that:

      a.   one or more of the following NHSP officials: Lt. Jim Brown, Sgt. Bettens, Sgt. Murry, Cpl. Williams, Cpl. Stacie Lamontagne, Cpl. John/Jane Doe, and Mailroom Officer McLoud, caused a civil case Mr. Perfetto filed in state court, <u>Perfetto v. Cascio</u>, No. 217-2015-CV-397 (N.H. Super. Ct., Merrimack Cty.), to be dismissed for failure to prosecute on August 30, 2016, due to the defendants' failure to send a motion Mr. Perfetto wrote in that case to the MCSC on June 7 or 8, 2016;

      b.   one or more of the following NHSP officials: Lt. Jim Brown, Sgt. Bettens, Sgt. Murry, Cpl. Williams, Cpl. Stacie Lamontagne, Cpl. John/Jane Doe, and Mailroom Officer McLoud delayed delivering to Mr. Perfetto his copy of the MCSC's August 30, 2016 notice of dismissal in <u>Perfetto v. Cascio</u>, No. 217-2015-CV-397 (N.H. Super. Ct., Merrimack Cty.) for twelve days, causing Mr. Perfetto to receive that notice too late to allow him to file a timely motion to reconsider the dismissal of his case, resulting in the denial of Mr. Perfetto's October 14, 2016 motion to reconsider, at least in part because the motion was untimely filed;

      c.   NHSP Medical Records Clerk Traci Guilemette failed to properly preserve all of Mr. Perfetto's medical records, in that the records concerning Mr. Perfetto's August 2012 emergency room visit to the Concord Hospital emergency room and subsequent hospitalization, which had been present in Mr. Perfetto's file in 2013 and 2014, were no longer in his medical file in May 2015, resulting in the dismissal of his civil case, <u>Perfetto v. N.H. Dep't of Corr. Comm'r</u>, No. 15-cv-244-JL (D.N.H.), as he was unable in that case to counter adequately information contained in his DOC medical records;

d.    between March 1 and March 13, 2017, NCF Media Generalist Angela Poulin improperly cancelled Mr. Perfetto's law library appointments for March 2017, which necessitated his filing a motion to continue a deadline in Perfetto v. Cusson, No. 14-cv-556-AJ (D.N.H.);

e.    in November 2016, when Mr. Perfetto was transferred from the NHSP to NCF, defendants failed to transfer some of his legal materials to the NCF with him, as NHSP officers Sgt. Wilcox, Cpl. Kimball, and Cpl. Kratovil lost or stole those documents, impairing Mr. Perfetto's ability to litigate a civil case, Perfetto v. Cusson, 14-cv-556-AJ (D.N.H.), by forcing him to settle the case because he did not have his legal materials with him.

4.    Unnamed prison officials and/or medical providers at the NHSP violated Mr. Perfetto's Eighth Amendment right to receive medical care for a serious medical need by failing to provide Mr. Perfetto with a hearing test, after the NHSP Secure Psychiatric Unit ("SPU") Nursing Supervisor Ann-Marie (whose last name is unknown) determined that he qualified for the test, as he was having difficulty hearing out of his left ear, and DOC Medical and Forensic Services ("MFS") Director Paula Mattis told him that an appointment would be made for him.

5.    In August 2016, when the temperature in his cell dropped into the 40s, an unspecified prison official failed to provide Mr. Perfetto with a jacket, although (former) NHSP Warden Michael Zenk told Mr. Perfetto that a jacket would be ordered for him, in violation of Mr. Perfetto's Eighth Amendment right to humane conditions of confinement.

6.    NHSP Inmate Accounts Clerk John/Jane Doe violated DOC policy by improperly deducting from Mr. Perfetto's inmate account the full amount of Mr. Perfetto's disciplinary restitution obligation, although DOC policy limits a restitution deduction to 50% of an inmate's account balance.

7.    Ms. Poulin and NCF Sgt. Swett, NCF Hearings Officer Fortier, and NCF Capt. Jeff Smith: improperly charged Mr. Perfetto with a disciplinary offense for failing to return

a book to the NCF library, found him guilty of that disciplinary offense, and imposed sanctions on Mr. Perfetto, without properly identifying Mr. Perfetto as "Severely and Persistently Mentally Ill" ("SPMI"), resulting in Mr. Perfetto being subject to sanctions of a ten-day loss of canteen and a ten-day loss of library, which were later vacated on appeal, in violation of:

    a.    DOC Policy and Procedure Directive 5.25 by failing to follow procedures established for processing and handling disciplinary charges for inmates identified as SPMI; and

    b.    Mr. Perfetto's Eighth and Fourteenth Amendment rights.

8.    NCF Mental Health Clinician Charlene Nickerson and NCF Psychiatrist Dr. Garret Graves violated Mr. Perfetto's Eighth Amendment right to receive adequate treatment for his serious mental health needs, in that:

    a.    Dr. Graves failed to reschedule Mr. Perfetto's November 2016 medication review appointment, which was cancelled when Mr. Perfetto was transferred from the NHSP to NCF, until February 2017, and failed to renew Mr. Perfetto's anxiety medication prior to the February 2017 appointment, although Dr. Graves was aware of Mr. Perfetto's serious mental health issues, his need for medication to treat those issues, and that Mr. Perfetto's mental illnesses, and their symptoms, were worsening; and

    b.    on April 12, 2017, when, due to not receiving adequate attention or treatment for his mental health problems, Mr. Perfetto twice threatened to assault an NCF staff member, Ms. Nickerson, after evaluating Mr. Perfetto, failed to place him in housing appropriate for his mental health condition, and instead allowed security officials to determine his placement.

9.    NHSP Residential Treatment Unit ("RTU") Mental Health Clinician Lindsey Jordon, NHSP Case Counselor/Case Manager ("CC/CM") Irrizary, SPU Unit Manager ("UM")/Capt. Marshall, MFS Director Mattis, MFS Deputy Director Heidi Guinnen, NHSP Offender Records Supervisor Cindy Crompton, NHSP Offender Records Clerk John/Jane Doe, NHSP Programs

Administrator John/Jane Doe, and DOC Interstate Compact Coordinator Jane Doe, failed to enter Mr. Perfetto's 2016 completion of the RTU six-month program into CORIS, the DOC's record-keeping system, resulting in the denial of Mr. Perfetto's March 2019 application for Earned Time Credit under N.H. Rev. Stat. Ann. § 651-A(2), I(a)-(d), in violation of:

    a.   DOC policy; and

    b.   Mr. Perfetto's Eighth and Fourteenth Amendment rights.

10.  DOC Commissioner Helen Hanks, (former) DOC Commissioner William Wrenn, DOC Director Chris Kench, MFS Director Mattis, MFS Deputy Director Guinnen, (former) Warden Zenk, UM Robert McGrath, SPU Administrator Debbie Robinson, SPU UM/Capt. Marshall, SPU Sgt. Barboro, NHSP Warehouse Supervisor John Doe, NHSP Librarian John Perkins, NHSP Career and Technology Programs Director Jay Nagy, DOC Special School District ("SSD") Principal Davis, and SSD Director Kim McKay, acting in their capacities as supervisory prison officials, were aware of the facts underlying the claims Mr. Perfetto has asserted in this action, which are identified and summarized here as Claims 1-9, as Mr. Perfetto filed requests slips and/or grievance forms advising those officials of those facts, and the officials failed to remedy Mr. Perfetto's complaints, in violation of Mr. Perfetto's First, Sixth, Eighth Amendment, and Fourteenth rights.


**Discussion**

I.   <u>Interference with Legal Mail (Claims 1 and 2)</u>

Mr. Perfetto's claims about the denial or delay of his legal mail amount to allegations that, between May 2015 and June 2017: 1) Mr. Perfetto did not receive a mailing from the NHSC; 2) one motion Mr. Perfetto sent to the MCSC was not sent out of the prison; 3) two letters Mr. Perfetto sent to the MCSC were

not received by that court; and 4) Mr. Perfetto's receipt of legal mail from opposing counsel or this court was routinely delayed by a few days.  Mr. Perfetto also alleges that defendants interfered with his legal mail by not allowing him to retain the parts of incoming legal mail envelopes showing the return address and postmark.

Courts have afforded greater protection to incoming legal mail than to other types of incoming mail, because such mail may impact "'prisoner's legal rights, the attorney-client privilege, or the right of access to the courts.'" Donovan v. Magnusson, No. Civ. 04-102-B-W, 2005 WL 757585, at *10 n.17, 2005 U.S. Dist. LEXIS 9756, at *36 n.17 (D. Me. Mar. 11, 2005) (quoting Sallier v. Brooks, 343 F.3d 868, 874 (6th Cir. 2003)).  To state a Sixth Amendment claim for interference with legal mail, an inmate must demonstrate that prison officials "'regularly and unjustifiably interfered with the incoming legal mail.'" Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted).  "Negligent interference with legal mail is not actionable under section 1983." Murphy v. Grenier, 406 F. App'x 972, 976 (6th Cir. 2011).

Mr. Perfetto's allegations concerning the May 2015, June 2016, and August 2017 instances of Perfetto's incoming and outgoing legal mail not being delivered, do not amount to a

regular or frequent denial of his legal mail.  Further, to the extent he alleges that his incoming legal mail was often delayed by several days, he has not explained how he was harmed by those delays or how the delays violated his constitutional rights. Moreover, except as to the alleged failure of prison officials to send his motion to the MCSC in June 2016, Mr. Perfetto has not stated facts to demonstrate that any of the named defendants, rather than the United States Postal Service, was responsible for the events underlying his legal mail claims. Accordingly, without more, those claims do not demonstrate an actionable claim for the denial or delayed delivery of legal mail, and the district judge should dismiss Claims 1(a)-(e).

In Claim 2, Mr. Perfetto complains that he was not allowed to keep the parts of the envelopes in which legal mail was sent to him at the prison showing the return address and postmark. Mr. Perfetto has not alleged that he was harmed by that denial, or that he had no other way to obtain the information at issue. As Mr. Perfetto has failed to assert facts demonstrating that his lack of access to those parts of the envelopes violated his constitutional rights, the district judge should dismiss Claim 2.

## II.  Denial of Access to the Courts at NHSP (Claims 3(a)-(d))

### A.  Legal Standard

The First Amendment protects a prisoner's right "to petition the Government for a redress of grievances," U.S. Const. amend. I, and "[t]he right of access to the courts is an established aspect of this right."  Fabiano v Hopkins, 352 F.3d 446, 453 (1st Cir. 2003).  In addition, denial of access to the courts for a pro se litigant may implicate the Sixth and Fourteenth Amendments.  A prisoner asserting a claim for the denial of access to the courts must show that he suffered an actual injury to a non-frivolous legal proceeding which arose from the defendants' alleged conduct.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).

### B.  Claims 3(a) and 3(b)

In the claims identified here as Claims 3(a) and 3(b), Mr. Perfetto has asserted sufficient facts to allow the claims to proceed.  Accordingly, in an Order issued simultaneously with this Report and Recommendation ("R&R"), the court directs service of Claims 3(a) and 3(b) on the defendants named therein.

### B.  Claim 3(c)

In Claim 3(c), Mr. Perfetto alleges that a civil action he

filed in this court, <u>Perfetto v. N.H. Dep't of Corr. Comm'r</u>, No. 15-cv-244-JL (D.N.H.), challenging the adequacy of his medical care in prison, was dismissed because the prison did not keep records from Mr. Perfetto's July 2012 Concord Hospital Emergency Room visit and subsequent hospitalization, and therefore, he was not able to counter adequately the DOC's medical records in that case. Nothing in the record of this case or his previous civil case indicates that Mr. Perfetto was unable to obtain the records in question directly from Concord Hospital.

Furthermore, Mr. Perfetto is mistaken in concluding that the lack of access to those records prevented him from challenging evidence produced by defendants in his previous civil case. The court dismissed that case at preliminary review, before Mr. Perfetto was required to counter evidence produced by the defendants. At preliminary review, the court credited as true Mr. Perfetto's assertions concerning what had occurred at the Concord Hospital, and his assertions concerning the actions of the DOC medical provider defendants to that action. The court found that Mr. Perfetto's description of the medical care he received at the DOC prior to going to the Concord Hospital Emergency Room alleged a medical negligence claim, and not an Eighth Amendment claim, and dismissed the claim without prejudice to Mr. Perfetto's ability to assert his

negligence claim in state court.  See Dec. 4, 2015 R&R (ECF No. 4, at 10-11), Perfetto v. N.H. Dep't of Corr. Comm'r, No. 15-cv-244-JL (D.N.H.), approved by Dec. 29, 2015 Order, id. (ECF No. 6).

Accordingly, Mr. Perfetto has not shown that he suffered any actual injury in a non-frivolous civil rights action, caused by defendants' management of his medical records.  Mr. Perfetto cannot demonstrate that the failure to maintain his Concord Hospital Emergency Room records in his DOC medical record violated his right to access the courts, and the district judge should dismiss Claim 3(c).

C.  Claim 3(d)

In Claim 3(d), Mr. Perfetto states that Ms. Poulin, who was responsible for scheduling law library time for NCF inmates, improperly cancelled his March 2017 law library time, forcing him to file a motion to extend the March 2, 2017 deadline for responding to a summary judgment motion filed by the defendants in Perfetto v. Cusson, No. 14-cv-556-AJ (D.N.H.).  In that case, Mr. Perfetto did file a motion to continue his summary judgment deadline, see Mar. 2, 2017, Pl.'s Mot. to Extend Deadline to Respond to Defs.' Mot. for Summ. J., Perfetto v. Cusson, No. 14-cv-556-AJ (D.N.H.) (ECF No. 99), which was granted by the court,

see May 8, 2017 Order, id.  Therefore, no harm came to Mr.
Perfetto's case as a result of the cancellation of his March
2017 law library time.  Accordingly, the district judge should
dismiss Claim 3(d).


III. Denial of Warm Jacket (Claim 5)

The Eighth Amendment prohibits prison officials from
denying inmates "the minimal civilized measure of life's
necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A
plaintiff asserting an Eighth Amendment prison conditions claim
must allege objectively "extreme" deprivations.  Hudson v.
McMillian, 503 U.S. 1, 9 (1992).  Further, the plaintiff must
show that the responsible defendants acted with deliberate
indifference to the plaintiff's health or safety.  See Farmer v.
Brennan, 511 U.S. 825, 834 (1994).  "'[A] prison official cannot
be found liable under the Eighth Amendment for denying an inmate
humane conditions of confinement unless the official knows of
and disregards an excessive risk to inmate health or safety.'"
Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999)
(citations omitted).

Mr. Perfetto states in his complaint that in August 2016,
the temperature in his cell dipped into the 40s, and that
therefore he requested, but was not provided with, a jacket.

14

Mr. Perfetto states that he had to wrap a blanket around himself
to stay warm.  Mr. Perfetto does not state that he suffered any
harm from the lack of a jacket.  Further, Mr. Perfetto has
failed to assert any facts that show that having to use a
blanket to keep warm presented any risk to his health or safety.
Even if he could show such a risk, however, he has failed to
state any facts demonstrating that any prison official was aware
of such a risk and failed to take reasonable steps to address
it.  Accordingly, Mr. Perfetto has failed to state an Eighth
Amendment claim for the denial of a warm jacket and the district
judge should dismiss Claim 5.


IV.  Violation of Prison Policy (Claims 6, 7(a), and 9(a))

     In Claims 6, 7(a), and 9(a), Mr. Perfetto alleges that his
constitutional due process rights were violated by the failure
of the defendants to those claims to follow DOC policy.  To
establish that his due process rights have been violated, a
plaintiff must demonstrate that he has suffered a deprivation of
a protected interest in life, liberty, or property.  See Mathews
v. Eldridge, 424 U.S. 319, 332 (1976).

     An inmate has no freestanding liberty interest in, and thus
no constitutional due process right to, prison officials
following prison policies if the officials' actions are

otherwise constitutional.  See <u>Querido v. Wall</u>, C.A. No. 10-098
ML, 2010 U.S. Dist. LEXIS 139201, at *14, 2010 WL 5558915, at *3
(D.R.I. Dec. 8, 2010), <u>R&R adopted</u>, 2011 U.S. Dist. LEXIS 1882,
2011 WL 63503 (D.R.I. Jan. 7, 2011).  Accordingly, Mr. Perfetto
cannot state a claim based on the failure of the defendants to
Claims 6, 7(a), and 9(a) to follow prison polices, and the
district judge should dismiss those claims.


V.   <u>Disciplinary Proceedings (Claim 7(b))</u>

     Mr. Perfetto complains that being subject to disciplinary
proceedings and disciplinary sanctions, and having those
sanctions effected while he was appealing his disciplinary
finding and sanctions, violated his Fourteenth Amendment rights.
He also alleges that being subject to ten days loss of canteen
and ten days loss of library use, when those sanctions were
overturned based on Perfetto being identified as SPMI, violated
his Eighth Amendment right not to be subject to cruel and
unusual punishment.


     A.   <u>Eighth Amendment</u>

     To state an Eighth Amendment claim, as discussed above, Mr.
Perfetto must allege facts to show he was subject to objectively
"extreme" deprivations.  <u>Hudson</u>, 503 U.S. at 9.  Mr. Perfetto's

amended complaint does not include any facts to show that, even with regard to a mentally ill inmate, a ten-day loss of canteen or library time, imposed as a disciplinary sanction, amounts to an extreme deprivation.  Accordingly, Mr. Perfetto has failed to state an Eighth Amendment claim based on the imposition of those sanctions.

    B.    Fourteenth Amendment

    Mr. Perfetto, in Claim 7(b), further asserts that, with regard to the disciplinary proceedings at issue here, he was denied procedural due process under the Fourteenth Amendment to which he was entitled under prison policies and regulations concerning disciplinary proceedings for SPMI inmates.  Protected liberty interests may arise from prison regulations, subject to the limitations set forth in Sandin v. Conner, 515 U.S. 472 (1995).  Under Sandin, the court considers whether the restrictions at issue impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

    Mr. Perfetto has failed to show that the ten-day loss of canteen and library access to which he was subject, imposed any atypical and significant hardship upon him, in relation to the ordinary incidents of prison life, even when considering Mr.

Perfetto's mental illness.  Mr. Perfetto has failed to state a

Fourteenth Amendment due process claim upon which relief might

be granted.  For these reasons, the district judge should

dismiss Claim 7(b).


VI.  <u>Denial of Grievances by Supervisory Officials (Claim 10)</u>

In Claim 10, Mr. Perfetto alleges that prison officials UM

McGrath, SPU UM/Capt. Marshall, SPU Lt. Sgt. Barboro, SPU

Administrator Robinson, (former) NHSP Warden Zenk, DOC Director

Kench, (former) DOC Commissioner Wrenn, DOC Commissioner Hanks,

MFS Director Mattis, MFS Deputy Director Guinnen, NCF Librarian

Mr. Perkins, NHSP Technology Programs Director Mr. Nagy, SSD

Principal Davis, SSD Director McKay, NHSP Medical Records

Supervisor John/Jane Doe, and NHSP Warehouse Supervisor John

Doe, acting in their supervisory and administrative capacities,

violated his First and Sixth Amendment rights, concerning the

facts and circumstances underlying Claims 1-9.

> A claimed constitutional violation must be based upon
> active unconstitutional behavior.  The acts of one's
> subordinates are not enough . . . .  For the same
> reason that a supervisory relationship is insufficient
> to establish liability for the misconduct of a
> subordinate, denying a grievance or failing to act
> based on information contained in a grievance is
> insufficient to establish § 1983 liability.

<u>Moore v. Mich. Dep't of Corr.</u>, No. 1:17-cv-615, 2017 WL 3431602,

at *7, 2017 U.S. Dist. LEXIS 126885, at *17 (W.D. Mich. Aug. 10,

2017), aff'd, No. 17-6107, 2018 U.S. App. LEXIS 25325 (6th Cir. Sept. 5, 2018); see also Carter v. Englander, No. 17-cv-52-LM, 2018 U.S. Dist. LEXIS 211168, at *20, 2018 WL 6593934, at *7 (D.N.H. Aug. 22, 2018) (denial of grievance is not a constitutional violation (citing cases)), R&R approved, No. 17-cv-52-LM, 2018 U.S. Dist. LEXIS 210843, at *2, 2018 WL 6591227, at *1 (D.N.H. Dec. 11, 2018).

Mr. Perfetto does not allege that, to the extent they are sued in their supervisory or administrative capacities, the defendants he names in Claim 10 had any direct role in the events underlying Claims 1-9.  As Mr. Perfetto cannot allege a constitutional claim against those defendants based on their own actions, or on the basis that they denied his grievances, the district judge should dismiss Claim 10 from this action, and dismiss the individual defendants named therein from this case.

## VII. Potentially Cognizable Claims (Claims 3(e), 4, 8, and 9(b))

Without comment on the merits of the claims identified and summarized in this R&R as Claims 3(e), 4, 8, and 9(b), the court finds that those claims are potentially cognizable.  However, as set forth in an Order issued simultaneously with this R&R, the court finds that those claims are not properly joined in this action with Claims 3(a) and 3(b), as they arise out of entirely

separate transactions, which occurred on different dates, and are each asserted against defendants not named in any other cognizable claim.[4] See Fed. R. Civ. P. 18(a) ("[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party"); Fed. R. Civ. P. 20(a)(2) (defendants may be joined in one action only if the claims in the action are asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and the claims involve one or more common questions of law or fact); see also Roy v. Wrenn, No. 12-CV-303-JD, 2013 DNH 113, 2013 WL 4541389, at *2, 2013 U.S. Dist. LEXIS 121740, at *7 (D.N.H. Aug. 27, 2013) (different defendants may not be joined in one action where the claims asserted against the defendants are unrelated).

In an "Order on Severance" issued this date, the court directs that the Clerk's office sever the potentially cognizable claims remaining in Mr. Perfetto's amended complaint, Claims

---

[4]To the extent that Mr. Perfetto, in his amended complaint (Doc. Nos. 5, 5-1), has asserted claims against supervisory and administrative prison officials for their failure to remedy the facts and circumstances underlying to Claims 3(e), 4, 8, and 9(b), as well as in Claim 3(a) and 3(b), the undersigned magistrate judge, in this R&R, has recommended dismissal of those claims, and those supervisory defendants, from this action.

3(e), 4, 8, and 9(b), from this case and from each other, and open four new cases, one concerning each of those claims. Accordingly, the district judge should dismiss those four claims from this action as duplicitous of the claims asserted in the four new cases, without prejudice to Mr. Perfetto's ability to litigate those claims in the new cases opened pursuant to this court's Order on Severance issued this date.[5]

VIII. <u>Defendants Against Whom No Claims are Asserted</u>

Mr. Perfetto has named the following defendants in the caption of his amended complaint, but has not identified them as a defendant to any claim in the narrative of the amended complaint: NHSP Capt. Edmark, NHSP Corrections Officer FNU LaMontagne, CC/CM Glenn Matthews, NHSP Medical Records Clerk Amy M., NHSP Offender Records Clerk FNU Drury, NHSP Offender Records Clerk John/Jane Does #1 & #2, NCF Warden Michelle Edmark (née Goings); NCF Lt. John Doe; NCF Program Administrator John/Jane Doe; Montana Department of Corrections Director Reginald

---

[5]In his motion to amend (Doc. No. 5) his amended complaint (Doc. No. 5-1), Mr. Perfetto has notified the court that he may seek to file an additional claim concerning his 2019 efforts to obtain his DOC medical records. The court declines to rule on that motion before it is filed, but notes that a misjoinder issue may arise if Mr. Perfetto seeks to join an unrelated claim to this action.

Michael; and MSP Warden Lynn Guyer.[6]  Mr. Perfetto has not
asserted facts demonstrating that these defendants engaged in
any act or omission that violated his rights, the district judge
should dismiss them from this action.

### Conclusion

For the foregoing reasons, the district judge should
dismiss, for failure to state a claim, the claims identified in
this R&R as Claims 1, 2, 3(c), 3(d), 5-7, 9(a), and 10.  Claims
3(e), 4, 8, and 9(b) should be dismissed without prejudice to
Mr. Perfetto's ability to litigate those claims in separate
actions opened pursuant to this court's Order on Severance,
issued this date.  Further, the district judge should drop as
parties all of the defendants named in the amended complaint
except: NHSP Lt. Jim Brown, NHSP Sgt. Bettens, NHSP Sgt. Murry,
NHSP Cpl. Williams, NHSP Cpl. Stacie Lamontagne, NHSP Cpl.
John/Jane Doe, and NHSP Mailroom Officer McLoud.

Any objections to this Report and Recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.
R. Civ. P. 72(b)(2).  The fourteen-day period may be extended
upon motion.  Failure to file objections within the specified

---

[6]To the extent Mr. Perfetto sues Director Michael and Warden
Guyer as "defendants by proxy," that designation is not
appropriate in this case.

time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

April 27, 2020

cc:  Jonathan Andrew Perfetto, pro se